The opinion of the court was delivered by
Breaux, J.
The executor took charge of the succession of E. R. Beeman in September, 1890. The property was movable. It was appraised at six thousand seven hundred and ninety-nine dollars and one cent, and consisted of a growing crop on the Erie plantation (of which he, the late E. R. Beeman, had a lease dating from January, 1889, to the year 1894) ; of accounts due by tenants, together with live stock and farming implements.
He also had a stock of merchandise in the plantation store.
After the executor had qualified, he carried on the plantation and the store until early in 1892, although an order was granted to sel, the property to pay debts on March 19, 1891.
He shipped the cotton of 1890 to the firm of the late E. R. Beemanl to whom the succession was indebted for advances on the crop of 1890 in the sum of one thousand eight hundred and seventy-four dollars and fifty cents.
The executor’s account was filed in August, 1892. A number of the creditors opposed the account on the grounds chiefly, that the item of six thousand three hundred and twelve dollars and eighty-five cents, “ proceeds of crop of 1890, including rents, wages, crop and accounts,” is merely the credit side of the account current of the commission merchant; that no showing is made of the number of bales, of wages, crop made, number received from sub-tenants.
They also claim that the executor is not charged with rent, -in an amount sufficient.
*1357 They itemized their claim as follows:
Rent of Brie plantation for 1891.....................................................................$2,275 03
Insurance on gin and store............................................................................ 210 00
Rent of twenty-four head of stock, $25 ........................................................... 600 00
Total................................................................................................................$3,085 00
They also seek to hold him responsible for certain items of the inventory.
. One of the opponents, Milliken, alleges that a larger amount is due him than was allowed in the judgment.
The other opponents urge similar grounds of complaint.
There were other grounds of opposition. We passed them without noting them, for the reason that they are not included in the answer of opponents to the appeal, and those not granted by the judge of the lower court in the judgment are presumedly abandoned.
The judge of the lower court, after having amended the account, rendered judgment, approving it as amended.
The amount for the crop of 1891 remained fixed, as already stated. The charges against the succession for expenses of cultivating the crop that year were stricken from the account.
From the judgment the executor prosecutes this appeal, and here prays that the judgment be amended; first, by striking out of his account the items of two thousand three hundred and eighty-three dollars and twenty-three cents charged against him for proceeds of crop of 1891, and that instead he be charged with the sum of one thousand six hundred and twenty-five dollars, rental value of Erie in 1891, instead of two thousand four hundred and eighty-five dollars, as fixed by the court.
Second. By striking out the item of five hundred and seventy-five dollars, charged to him by the court for rent of mules, and charging him in lieu with the inventoried value of the mules, or in the alternative, by reducing that sum to three hundred and thirty dollars.
Third. By withholding final judgment against him for the price of personal property sold on twelve months’ credit and proceeds of property unlawfully withheld by adjudicatees.
Fourth. By rejecting the claim of the opponent Milliken for five hundred and thirty-five dollars and forty-eight cents for rent, at eight per cent, from November 1, 1889, or in the alternative, by reducing it to five hundred and twenty-nine dollars, without interest.
*1358 Fifth. By setting aside that portion of the judgment which gives to this opponent a vendor’s privilege on the proceeds of sale of three mules, to secure the payment of three notes, aggregating two hundred and fifty-five dollars and fifty cents in principal.
Sixth. By deducting from the charges on his account (executor’s) the sum of one hundred and thirty-five dollars for the price of a mule entered in error.
Seventh. Relates to farming implements and a lot of hay of little value.
With reference to the first item of six thousand three hundred and twelve dollars and eighty-five cents, proceeds of crop of 1890, the executor supports it by testimony that he shipped the crop to the usual market, and that it was sold at its value by the commission merchant who had made the advances. It was properly charged against the executor, and has every appearance of being correct.
The opponents urge that it makes no showing of the yield of the wages, crop of fifty-seven acres and the price received therefor; no showing as to the amounts paid by the ihdividual tenants for land, rent, hire of mules, wagons and implements.
The account is not a final account of administration. Gross errors and incorrect entries can be corrected in the final settlement. Nothing of the kind appears at this time, and we therefore agree with the District Oourt in approving that item.
The rent of Erie plantation for 1891 is the next ground of opposition. We have already stated that the executor contends it should be much less.
The judge of the lower court fixed it a total two thousand four hundred and eighty-five dollars.
This was the consideration (including insurance) of the lease to which we have before referred.
The executor, .without judicial authority, assumed the responsibility of operating the leased plantation during the year 1891. He must be charged with the amount at which the place was leased.
The executor sought to prove by the expert testimony of witnesses that the rental value of the place was considerably less.
The testimony was given several years after the date of the contract of lease. The lease suggests more certainty as to value than mere estimates. Tutorship of the Minors Hollingsworth, 45 An. 134, 142.
*1359 The executor could have avoided the payment of this amount by complying with the court’s order and selling the property, if there was no possibility of obtaining legal sanction to operate the place for account of the succession.
The opponents, as another ground of opposition to the account, contend that the executor should be charged with the amount of the open accounts carried in the inventory and other items thereon aggregating seven thousand and sixteen dollars and seventy-nine cents.
This is more than the total of property inventoried. The inventory shows the following property appraised as follows:
Merchandise in store...................................................................................... $1,599 05
Farming implements..................................................................................... 372 90
Live stock ........................................................•.................................................... 1,940 00
Open accounts.................................................................................................. 1,865 81
Wages crop.................................................................................................... 840 00
Bagging and ties......................................................................................... 97 25
Cash on hand ................................................................................................ 84 00
Total..............................................................................................................$6,799 01
In the judgment of the lower court these different amounts are charged, save those that were properly used and accounted for by the executor.
The charges against the succession for expenses of cultivating the crop of 1891 was stricken from the account. In J. S. Milliken’s answer to the appeal he claims a balance of two hundred and sixty-nine dollars and thirty-four cents, with interest due on rent of 1892.
The judge of the District Court held that this claim for rent was extinguished by rents collected by this creditor from the tenants that year, rents of lands cultivated by him, and other claims due the succession upon which he realized. The difference is not considerable and the evidence would not support an amendment allowing the balance.
The opponents claim that the executor should be charged with the difference between the price at which he bought cotton in 1890 from the tenants in settling with them and the price for which it sold in the market. They invoke the correct principle that an executor should not by his contract involve the succession in debts.
. But the rule does not apply here for the reason that opponents admit that where rents are payable in cotton he had authority to receive payment in cotton.
The objection is that he could not accept it at a loss in settlement of money, rents and money accounts.
*1360 In the absence of proof, we will not assume that there was negligence or bad faith in these transactions, which resulted in the loss of small amounts.
The fluctuations of the cotton market are such at times that the most intelligent and careful incur losses.
The executor and appellant urges a number of grounds of error in the judgment from which he appeals.
In deciding questions raised by the opposition we passed upon the executor’s first ground of objection to the judgment, and held that the rent for 1891 was correctly fixed by the court.
The second ground urged by the executor is to the item of five hundred and seventy-five dollars, allowed by the District Court for mule rent in 1891.
He claims that he should be charged with the inventoried value of the mules and not with rent.
They sold for one thousand seven hundred and fifty-eight dollars, by public auction, for account of the succession.
The rent earned for their work on the day of sale at the rate it is customary to charge tenants was five hundred and seventy-five dollars. It was the customary price for mules rented to tenants on plantations in 1891.
We do not feel justified to amend the judgment and substitute the inventoried value of the mules to the price for which they sold and their rent value while in the executor’s service prior to the sale.
The third of the executor’s grounds against the correctness of the judgment is that he is charged with the proceeds of property sold on twelve months’ credit, and proceeds of purchase price of property unlawfully held by several adjudicatees, at the sale, until the decision on the final account.
The sale was made in August, 1892. The twelve months’ bond matured long since, and should have been collected.
In default of collection, and in the absence of any evidence of an attempt to collect, it was proper to charge the executor with the amount of these bonds. The settlement of successions should not be indefinitely postponed. To prevent objectionable delays, claims due should be collected, or the executor prepared to prove, when necessary, that he is in no respect responsible for the failure to collect.
With reference to the amounts of bids unlawfully withheld by certain adjudicatees.
*1361 The executor has his remedy and can not shield himself from settlement and the payment of these amounts by a mere assertion that certain bidders did not choose to comply with their bids. The defence is groundless. Acts of indulgence cease to be commendable when one is acting in a representative capacity.
The executor also objects to the amount allowed J. S. Milliken in the judgment on the groand that it has been paid in full, and that his endorsed approval in the claim was made by him in error.
This objection was made the first time during the trial, when the claim was offered in evidence. It was not preceded by any amendment of the judgment, or the least suggestion that the claim was approved in error.
We have examined voucher numbered one hundred and eight, for five hundred and fifty-four dollars and eighty- six cents. With the executor’s approval, it has every appearance of being correct, and, in any event, if there was error in the approval, it should have been pleaded before urging an objection on the ground of error.
There is a slight difference in the addition in matter of this claim.
The difference amounts to five dollars and sixty-two cents.- Unexplained, we think the rule cíe minimis applies.
The executor urges that the judgment charges him with the full inventoried value of the farming implements, instead of what they sold for, while it charged him with what the mules sold for, plus a rental for the year 1891,. and for the amount brought by the merchandise at the sale.
In other words he complains that the implements are worth appraised value; mules are worth rental for one year and selling price; merchandise is worth selling price, and that each mode is the most unfavorable to the executor.
As it is not in proof that these implements had deteriorated in value; that they were not in good condition, owing to their use by the executor in 1891, or that there were any missing, our decree will amend the judgment of homologation by deducting the difference between the inventoried value and the sale.
Another ground of objection of the executor is that the judgment charges him with a sum of one hundred and thirty-five dollars, Which, he contends, should not be charged.
It is carried in his account as an amount collected in cash.
He sought to amend his account by alleging that it was error, that *1362 the amount had been collected in cotton, and that the cotton was sold for account of the succession, with which he had already charged himself as executor, as part of the item of six thousand three hundred and twelve dollars and eighty-five cents.
The testimony upon that point has not satisfied us of the court’s error.
The last utterance of the witness is:
“ I collected one hundred and thirty-five dollars for one mule, which is charged to me in my account.”
. It may be that this should be read with another answer, that it was collected in cotton, and it would be thus read if the item were supported by the books kept for the executor.
The executor admits that the farming implements were worth the sum of fifty dollars. The amount is due, the value being admitted, and rent value of other property having been charged for personal use by the. executor in 1891.
A small item of hay feed to the mules will be deducted, viz.: thirty-five dollars. There was no error in leaving the question of commission to be determined in homologation of the final account. The executor, upon final and satisfactory settlement, will be entitled to his commission.
It is therefore ordered, adjudged and decreed that the following item of the judgment be amended: “ And also with the inventoried value of the farming implements, to-wit: the sum of three hundred and seventy-two dollars and ninety cents,” by reducing that amount (1) to one hundred and eighty-two dollars (the price of these implements at public sale). The account is further amended by deducting (2) thirty-five dollars from that item: value of hay included with articles of agricultural implements in the inventory, leaving on that item and of the sum first mentioned one hundred and fifty-five dollars and ninety cents.
The judgment is further amended by adding fifty dollars to the debit side of the executor’s account, and increasing thereby the amount of his indebtedness on the implements by the sum of fifty dollars, making total thereon two hundred and five dollars and ninety cents.
As amended, the account appealed from is affirmed at appellee’s costs.
Nicholls, O. J., absent.